UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BRYAN SAYRE
    Plaintiff,

vs.

MACK TRUCKS, INC., a Pennsylvania
Profit Corporation,

    Defendant.
_____/

Case No.:

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRYAN SAYRE (" Plaintiff' or "Mr. Sayre"), through undersigned counsel, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA" ) to recover damages from Defendant, MACK TRUCKS, INC. ("MACK"), and states as follows:

**JURISDICTION**

1. This action is brought under the FMLA to recover from Defendant back pay; an equal amount as liquidated damages; compensatory damages for actual losses; equitable relief including reinstatement or front pay if reinstatement is not practicable, and a note in Plaintiff's personnel file indicating that he was terminated in violation of the FMLA; declaratory relief in the form of a declaration that Defendant violated the FMLA when it terminated Plaintiff; all applicable pre and post-judgment interest; and reasonable attorneys' fees and costs.

2. The Court has jurisdiction over Plaintiffs claims pursuant to 28 U.S.C. §§ 1331 and 1337, and the FMLA. Further this Court has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

1

3. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the acts complained of took place in this judicial district.

**PARTIES**

4. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Lehigh County, Pennsylvania.

5. At all times material to this action, MACK was, and continues to be a Pennsylvania Corporation, engaged in business in Pennsylvania, doing business in Lehigh County.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the FMLA.

7. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

8. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

9. Defendant was, and continues to be, an "employer" within the meaning of the FMLA.

10. At all times relevant hereto, Plaintiff worked at a location where MACK employed 50 or more employees within 75 miles.

11. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise his rights to FMLA leave.

12. From in or about January 2018 to August 13, 2019, Plaintiff was employed as a production technician, working primarily in Defendant's worksite located in Lehigh County, Pennsylvania.

13. Defendant is also an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

14. Plaintiff was also an employee entitled to leave under the FMLA at all relevant times because his wife suffered from a "serious health condition" and/or "a chronic serious health condition" as defined by the FMLA, and Plaintiff required FMLA leave to care for her, and because he was determined, by Mack, to be eligible for FMLA.

## FACTUAL ALLEGATIONS

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff, because he took FMLA leave.

16. From January 2018 to his termination in August 13, 2019, Plaintiff was employed as a production technician, working primarily in Defendant's offices located at Lehigh Valley Operations in Lehigh County, Pennsylvania.

17. Mr. Sayre requested FMLA leave in March 2019 in order to care for his wife's illness, a condition which required that he be able to take intermittent FMLA to attend to her needs.

18. Contrary to the mandates of the FMLA, Mr. Sayre was never given any notice of determination as to the outcome of his FMLA request. He was also not given any notice regarding his rights and responsibilities under the FMLA.

19. Eventually, Mr. Sayre's union representative told him that he had been approved for FMLA. Because Mr. Sayre's wife's condition was such that Mr. Sayre would not have advance notice as to when he would need to take leave, he was told that as long as arrived within 30 minutes of his start time, he could inform his supervisor after arriving to work that the reason for his lateness was FMLA qualifying.

20. Despite complying with the Company's directions, Plaintiff was given "points" for lateness associated with his FMLA-qualifying leave.

21. Mr. Sayre is aware of other employees who were not on FMLA who were permitted to arrive within thirty minutes of their start times without any discipline.

22. Later, Mr. Sayre was told that if he called less than an hour before the start of his shift to designate his leave, he would get "points" under the Company's system regardless of whether the leave was FMLA-qualifying.

23. The Company also, at one point, adopted a partial-point system, wherein a call within a certain timeframe would not merit a whole point, but rather only a quarter of a point. Not only did this cause Mr. Sayre to get "points" for FMLA-qualifying leave, even though he gave notice as soon as practicable, it unfairly penalized him further because there were days when he called in early enough to not get points, but could not get through to anyone until after the arbitrary cut-off time.

24. As a result of the Company giving Mr. Sayre "points" for absences which were covered by his FMLA leave, and points for failure to call in by a certain time, even though he

called as soon as practicable after having notice he would need the leave, Mr. Sayre accrued enough "points" that he was terminated under the Company's "point" system.

25. Mr. Sayre contested this action through the grievance process, but the Company refused to reconsider its position, and Mr. Sayre remained terminated.

26. MACK's termination of Plaintiff, and its actions after learning that Plaintiff sought to exercise his rights pursuant to the FMLA were in violation of the FMLA, because he interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff for taking FMLA leave.

27. Mr. Sayre was terminated for absences or tardies that were occasioned by his wife's FMLA qualifying condition, covered by his intermittent FMLA leave request, as such, it is evident that Mr. Sayre's FMLA leave was the cause of his termination, in violation of the FMLA.

28. As a matter of law, company policies which require an employee to call in by a particular time to request FMLA leave, and which assign points for violation of the policy even if the notice is as soon as practicable, violate the FMLA. See, e.g. *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1216–17 (S.D. Cal. 1998 ("The FMLA does not specify a particular time limit as to when an employee must call in and request FMLA leave, rather the FMLA mandates that such notice be "as soon as practicable." § 825.303. Defendant's policy which requires that an employee who will miss work call in one half an hour before his or her shift begins conflicts with the FMLA.").

29. In addition, the Company's actions in disciplining and ultimately terminating Mr. Sayre for taking FMLA leave constitutes unlawful retaliation under the FMLA.

## COUNT I –
## INTERFERENCE WITH RIGHT TO TAKE LEAVE

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

32. At all times relevant hereto, Defendant interference with Plaintiff's right to take leave from work, violated the FMLA.

33. At all times relevant hereto, Plaintiff's wife suffered from a "serious health condition" within the meaning of the FMLA.

34. Plaintiff gave Defendant appropriate written and verbal notice of his need to be absent from work, due to his wife's serious medical condition, as soon as practicable.

35. Defendant interfered with the exercise of Plaintiffs right to unpaid leave, because Defendant terminated Plaintiff's employment as a result of Plaintiff's exercising his right to FMLA leave.

36. Defendant interfered with the exercise of Plaintiffs right to leave, because Defendant refused to allow Plaintiff to return to his job, or to an equivalent position, because it improperly failed to credit his FMLA-qualifying absences.

37. Defendant interfered with the exercise of Plaintiff's right to leave, because Defendant failed to give Plaintiff notice of its decision regarding his request for FMLA leave.

38. Defendant interfered with the exercise of Plaintiff's right to leave, because Defendant failed to provide Plaintiff a written notice detailing specific expectations and obligations of Plaintiff and explaining any consequences of a failure to meet those obligations.

39. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, BRYAN SAYRE, demands judgment against Defendant for back pay; an equal amount as liquidated damages; compensatory damages for actual losses; equitable relief including reinstatement or front pay if reinstatement is not practicable, and a note in Plaintiff's personnel file indicating that he was terminated in violation of the FMLA; declaratory relief in the form of a declaration that Defendant violated the FMLA when it terminated Plaintiff; all applicable pre and post-judgment interest; reasonable attorneys' fees and costs; and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – FMLA DISCRIMINATION

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

43. At all times relevant hereto, Defendant discriminated against Plaintiff, at least partially because Plaintiff exercised his right to take leave from work under the FMLA.

44. At all times relevant hereto, Defendant discriminated against Plaintiff in violation of the FMLA.

45. At all times relevant hereto, Plaintiff's wife suffered from a "serious medical condition" within the meaning of the FMLA.

46. Plaintiff gave Defendant appropriate notice of his need to be absent from work in both writing and verbally.

47. Defendant discriminated against Plaintiff for exercising his right to leave, because Defendant terminated Plaintiff's employment as a result of Plaintiff's exercising his right to leave.

48. Defendant discriminated against Plaintiff for exercising his right to unpaid leave, because Defendant refused to allow Plaintiff to return to his job, or to an equivalent position, upon return from his FMLA leave.

49. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

50. As a result of Defendant intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

52. Plaintiff demands a trial by jury.

## COUNT III -FMLA RETALIATION

53. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

54. During the relevant time period, Defendant retaliated against Plaintiff because Plaintiff exercised his right to take FMLA-protected leave.

55. During the relevant time period, Defendant retaliated against Plaintiff in violation of the FMLA.

56. During the relevant time period, Plaintiff's wife suffered from a "serious health condition" within the meaning of the FMLA.

57. Plaintiff gave Defendant appropriate notice of his need to be absent from work due to his wife's FMLA-covered condition.

58. Defendant retaliated against Plaintiff for exercising his right to FMLA leave, because Defendant terminated Plaintiff for taking leave covered by the FMLA; and targeted Plaintiff for termination after, and because of, his use of FMLA protected leave.

59. During the relevant time period, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

60. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

62. WHEREFORE Plaintiff, BRYAN SAYRE, demands judgment against Defendant for back pay; an equal amount as liquidated damages; compensatory damages for actual losses; equitable relief including reinstatement or front pay if reinstatement is not practicable, and a note in Plaintiff's personnel file indicating that he was terminated in violation of the FMLA; declaratory relief in the form of a declaration that Defendant violated the FMLA when it terminated Plaintiff; all applicable pre and post-judgment interest; reasonable attorneys' fees and costs; and any and all further relief that this Court determines to be just and appropriate.

63. Plaintiff demands trial by jury.

Respectfully submitted on July 8, 2020,

/s/ Angeli Murthy
ANGELI MURTHY, ESQ.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Counsel for Plaintiff*

I, BRYAN SAYRE, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 6/29/2020

_____
BRYAN SAYRE